# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. GERMAN, | NO. CV 21-2774-SB(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| SUPERIOR COURT OF CALIFORNIA, | |
| Respondent. | |

**BACKGROUND**

Petitioner, who is a defendant in a criminal case pending in the Los Angeles County Superior Court, filed a Petition herein on March 29, 2021. The Petition names the "Superior Court of California" as the Respondent and the "People of the State of California" as the "Real Party in Interest." The face page of the Petition states: "on appeal from the California Supreme Court for the State of California" and "Appeal from Denial of Cal.Pen.Code § 170.1."

///
///

1     The Petition seeks to challenge the Superior Court's denial of
2  Petitioner's motion to disqualify the trial judge, as well as the
3  California Court of Appeal's subsequent denial of Petitioner's
4  petition for writ of mandate (see Petition, pp. 3-5).  As reflected in
5  the Petition's prayer for relief, Petitioner appears to seek: (1) an
6  order assigning Petitioner's criminal case to a different Superior
7  Court trial judge; and (2) an order directing the California Supreme
8  Court to make a ruling "confirming" that Petitioner purportedly is
9  entitled to a different Superior Court trial judge (Petition, p. 6).
10 The Court construes the Petition as a petition for writ of habeas
11 corpus pursuant to 28 U.S.C. section 2241.
12
13    Petitioner attaches various exhibits to the Petition, including:
14
15    1.  A letter to Petitioner from the Assistant Deputy Clerk
16        of the California Supreme Court, dated March 5, 2021,
17        returning Petitioner's petition for review, unfiled, as
18        untimely (Petition, Ex. A);
19
20    2.  A petition for review to the California Supreme Court
21        which bears a signature date of February 24, 2021 but no
22        case number (Petition, Ex. B);
23
24    3.  An order of the California Court of Appeal, dated
25        January 7, 2021, denying Petitioner's petition for writ of
26        mandate "for failure to state entitlement to extraordinary
27        relief" and citing cases holding that adverse rulings do not
28        suffice to prove a judge's bias or the appearance of bias

2

and that opinions expressed in discharge of official duties do not prove bias (Petition, Ex. C).

The Court takes judicial notice of the docket in People v. German Los Angeles Superior Court case number NA105737, available on the California courts' website at www.courts.ca.gov. See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2000) (federal court may take judicial notice of state court docket). The docket shows that Petitioner's criminal case remains pending and that a pretrial conference has been set for April 9, 2021.

**DISCUSSION**

Except under narrow circumstances not here present, federal courts abstain from interfering with pending state court criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971) ("Younger"); see also 28 U.S.C. § 2283. "*Younger* applies "when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021) (citations and quotations omitted).

All of the requisites for Younger abstention exist in the present case. Petitioner's ongoing state court criminal proceedings manifestly implicate important state interests. See Kelly v.

Robinson, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("[w]here vital state interests are involved, a federal court should abstain unless the state law clearly bars the interposition of the constitutional claims") (citations and quotations omitted); see also People v. Perez, 4 Cal. 5th 421, 440, 229 Cal. Rptr. 3d 303, 411 P.3d 490, 507 (2018), cert. denied, 139 S. Ct. 415 (2018) (on appeal from criminal conviction, entertaining claim that trial court improperly denied motion to disqualify under California Code of Civil Procedure section 170.1); Hester v. Los Angeles Sheriff Dep't, 2009 WL 2602445, at *2 (C.D. Cal. Aug. 24, 2009) (applying Younger abstention where the petitioner contended, among other things, that the trial judge was biased against the petitioner).

The fact that the Superior Court and the Court of Appeal previously may have rejected Petitioner's claim of judicial bias does not demonstrate that the future opportunity to raise those claims in the state courts is inadequate. See Baffert v. Calif. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.), cert. denied, 540 U.S. 1075 (2003) (neither state courts' previous rejection of an identical argument nor plaintiff's previous lack of success in a state court forum renders Younger abstention inappropriate); see also U.S. ex rel. Robinson

Rancheria v. Borneo, 971 F.2d 244, 253-54 (9th Cir. 1992) (the doctrine of abstention precludes a party from obtaining relief in federal court simply because the party disagrees with the result reached by the state courts).

Furthermore, the relief Petitioner seeks (the disqualification of the trial judge and the appointment of a new judge) likely would delay substantially Petitioner's state court criminal case. Younger abstention is appropriate where the federal action "could delay substantially" the pending state court case, thereby having "the practical effect of enjoining it." See Citizens for Free Speech, LLC v. County of Alameda, 953 F.3d 655, 657 (9th Cir. 2020).

In any event, this Court has no authority to order the California Supreme Court, or any state court, to replace a state court judge. See Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010), cert. denied, 565 U.S. 1116 (2012) ("The power of a federal habeas court lies to enforce the right of personal liberty. . . . As such, a habeas court has the power to release a prisoner, but has no other power.") (citations omitted).

A district court may exercise jurisdiction, even if Younger otherwise applies, if the state proceedings "are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. at 435. Nothing in the Petition supports the application of this narrow exception to Younger abstention. See Kugler v. Helfant, 421 U.S. 117, 125-29 (1975) (criminal defendant's allegation that

members of state supreme court coerced him to testify before grand jury and that therefore he could not receive a fair hearing in state court did not constitute "extraordinary circumstances"); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts").

For the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 5, 2021.

STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE

Presented this 5th day of April, 2021, by:

      /S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE